UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.:

6:17-CV-662-ORL-41DCI

FILED
2017 APR 12 PM 2:57
US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

BILLIE CARSON,

    Plaintiff,

v.

CITY OF MELBOURNE, a political subdivision of the State of Florida,
MELBOURNE POLICE OFFICER SHAWN ARCHBOLD,
MELBOURNE POLICE OFFICER AUSTIN CROSBY, and
MELBOURNE POLICE OFFICER JUSTIN VALUTSKY

    Defendants.
_____/

## COMPLAINT

### INTRODUCTION

1. This is a civil rights action on behalf of Mr. Billie Carson whose rights under the Fourth Amendment were violated when he was subjected to excessive force by Melbourne police officers.

2. This action for money damages is brought pursuant to 42 U.S.C. Sections 1983 and 1988, the Fourth Amendment to the United States Constitution, and under the laws of the State of Florida against the city of Melbourne and individual police officers.

### JURISDICTION AND VENUE

3. This action arises under the constitution and laws of the United States, particularly the Fourth Amendment to the United States Constitution.

4. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sections 1331 and 1343, and on the supplemental jurisdiction of this court to entertain claims arising under state law

pursuant to 28 U.S.C. Section 1367.

5. Venue is proper in this district because it is where the events complained of occurred.

6. All conditions precedent to the maintenance of this action have been performed or have occurred prior to its institution including those set forth in Florida Statute Chapter 768.

## PARTIES

7. Mr. Billie Carson was at all times relevant to this complaint a citizen of the United States and a resident of the city of Melbourne, Florida.

8. Defendant the city of Melbourne, Florida is a political subdivision of the State of Florida pursuant to the laws of Florida.

9. Defendant police Officers Crosby, Archbold, and Valutsky were at all times relevant to this complaint duly appointed and acting as officers of the City of Melbourne Police Department, acting under color of law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the State of Florida and/or the Melbourne Police Department.

10. At all material times and in all of their acts described hereto, Defendants were acting under color of state law and color of their authority as public officials and public employees. At all times, Defendants were engaged in conduct that was the proximate cause of the violations of Plaintiffs' federally protected rights, as more particularized herein.

## STATEMENT OF FACTS

11. On or about January 5, 2016 Mr. Billie Carson, a seventy-one (71) year old gentleman was attending a free concert at the City of Melbourne civic auditorium.

12. Mr. Carson was a guest of Mr. Frank Tutwiller, his neighbor, who is a member of the band that was playing at the Auditorium the evening of this incident. Mr. Tutwiller invited the Plaintiff to the event, drove the Plaintiff to the event, parked with the Plaintiff in an assigned

parking area, and Mr. Tutwiller and the Plaintiff both entered the auditorium through a side door with the consent of the band conductor that evening.

13. Once the concert began Mr. Carson was seated at the front row of the concert and was enjoying it like the rest of the patrons of the auditorium.

14. Shortly after the concert began the Melbourne Police officers, Crosby, Archbold, and Valutsky entered the auditorium and approached Mr. Carson, the only black male in the auditorium, and took him out the side door of the concert hall, by force, to question him. Mr. Carson was completely unaware of why he was being removed from the event as he was disturbing no one and he was never given any information from the police officers.

15. Once outside Mr. Carson, was detained and was questioned. During the course of the questioning the officers redirected Mr. Carson to the ground and struck him. At some point his head also struck a wall and he was injured, suffering a concussion.

16. While Mr. Carson was on the ground and being assaulted, and struck by Defendants Crosby, Archbold, and Valutsky the Plaintiff did not resist the officers in any way, shape, or form.

17. Mr. Carson offered no resistance to Defendants Crosby, Archbold, and Valutsky. Mr. Carson did not engage in any conduct which justified Defendants Crosby, Archbold, and Valutsky's use of force against him.

18. While at the Palm Bay Hospital, Mr. Carson made a complaint about how he was treated by the police to the Melbourne Police Department. He was told to make an internal affairs complaint. There was nothing else that could be done at that point according to the Melbourne Police Department.

19. At no time during the events described above was Mr. Carson, a seventy-one (71) year old veteran, violent or a threat to others. Mr. Billie Carson did not commit any violation of the law. The force used against Mr. Carson was unreasonable, unnecessary and excessive.

20. A short while later Mr. Carson was released and told to leave with a "trespass warning". He was not able to re-enter the auditorium and was told to walk home despite not having any transportation.

21. A short while later Mr. Carson was driven to Palm Bay Hospital by Mr. Tutwiller where he was diagnosed with a concussion as well as brow and hip contusions.

22. As a direct and proximate cause of the said acts of the defendants, the Plaintiff Billie Carson suffered the following injuries and damages: a) violation of his constitutional rights under the Fourth Amendment to the United States Constitution; and b) physical pain and suffering, psychological and emotional trauma and suffering, humiliation, embarrassment and damage to reputation, all of which continue to this day and are likely to continue into the future.

23. The actions of the defendant officers violated the following clearly established and well settled federal constitutional rights of Plaintiff, of which a reasonable person would have known: a) freedom from the unreasonable seizure of his person, and, b) freedom from excessive force.

## COUNT I

(42 U.S.C. §1983 Fourth Amendment Violation against Defendants Crosby, Archbold, and Valutsky, Individually, for Excessive Force)

24. Plaintiff, Billie Carson, re-alleges paragraphs one through twenty-three and incorporates them by reference herein,

25. This cause of action is brought by Plaintiff Billie Carson against Melbourne Officers

police Officers Crosby, Archbold, and Valutsky for the excessive use of force under color of law that deprived Billie Carson of his constitutionally protected right under the Fourth Amendment to the United States Constitution.

26. Without legal cause or justification, Defendant police Officers Crosby, Archbold, and Valutsky used force that was unreasonable, unnecessary, and excessive, causing Billie Carson to experience great pain and serious injury.

27. Defendants Crosby, Archbold, and Valutsky while acting in their capacity as police officers and under color of law, did use excessive and unreasonable force on Plaintiff Billie Carson.

## COUNT II

(State Tort of Battery against Defendant the City of Melbourne, Florida)

28. Plaintiff re-allege paragraphs one through twenty-three and incorporates them by reference herein.

29. This is a cause of action for damages in excess of fifteen thousand dollars, exclusive of costs and attorney's fees.

30. Defendant the City of Melbourne is responsible for the conduct of the police officers in its employ.

31. On January 5, 2016, Melbourne Police Officers Crosby, Archbold, and Valutsky while acting in the course and scope of their duties as police officers, each did unreasonably batter, touch and strike Plaintiff Billie Carson without the consent of Plaintiff and against his will.

32. As a result of the actions of Defendant the City of Melbourne, Plaintiff suffered damages which include bodily injury and/or physical suffering; inconvenience; physical discomfort; loss of time; mental suffering; embarrassment; humiliation, disgrace and injury to his

feelings and reputation; the emotional damage and reputation damage are continuing to this day and are likely to continue in the future.

33. Pursuant to 768.28, Florida Statutes, Plaintiff notified Defendant the City of Melbourne and the City of Melbourne Police Department of this claim prior to filing this action and said claim was not resolved.

### DEMAND FOR JURY TRIAL

Plaintiff Carson hereby demands a jury trial as to all issues triable by a jury.

**WHEREFORE**, Plaintiff respectfully requests this Court to award:

A. Reasonable and appropriate compensatory damages.

B. Plaintiff's costs, expenses and reasonable attorney's fees pursuant to 42 U.S.C. § 1988.

C. Such other and further relief as this Court deems necessary and proper.

Date: March 28th, 2017

Respectfully submitted,

/s Louis A. Vucci, Esq.
Louis Vucci, Esq.,
Fla. Bar No.:131581
Louis@thevuccilawgroup.com
Louis A. Vucci, PA
Attorney for the Plaintiff
8101 Biscayne Boulevard
Suite 311
Miami, Florida 33138
Tel. (305) 573-0125
Facsimile (786) 536-7799